IN THE TEXAS COURT OF CRIMINAL APPEALS 84,059-01

Travis Prunty

VERSUS

Chris Daniel

State Habeas Writ
Cause No. 1121157-A

This document contains some pages that are of poor quality at the time of imaging.

Motion for Leave to file an Original application for writ of Mandamus

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 22 2015
Abel Acosta, Clerk

To: The Honorable Judges of said Court:

Relator, Travis Prunty, has filed an Article 11.07 under the Texas Code of Criminal procedure, i.e., an application for writ of Habea Corpus in the 176th Judicial District Court of Harris County on June 18th, 2014.

I

Relator request leave to file an application for writ of Mandamus because the District Clerk continues to hold Relator's habeas corpus application by not forwarding it to the court of Criminal appeals as required by Article 11.07 under Martin VS. Hamlin, 25 SW 3rd 718 (TEX CRIM App 2000), the court of criminal appeals held that, article 11.07 imposes a duty upon the clerk of the trial court to immediately transmit to the Court of Criminal appeals the record from the habeas corpus application. The District clerk has no authority to continue to hold Relator's application for writ of habeas corpus, and is under a ministorial duty to immediately forward the application, and related records.

## II

MORE than 16 months has elapsed since Relator filed his habeas corpus writ which has not been forwarded to this Court by the Respondent.

Many diligent attempts were made by Relator to get the Respondent to act accordingly to the prescribed statue which bounds him to send the habeas corpus writ to the Court of Criminal appeals. However, his habeas corpus application is still being held in the trial court without any statutory reasons.

## III

Relator request that this Court grant his motion for leave to file on Article 11.07 § 2 (d) which affords a habeas applicants the right to file a mandamus action in this Court if there is no action taken on his habeas Corpus application by the statute.

Respectfully Submitted

Travis Prunty
TDCJ # 1517820
Bill Clements Unit
9601 Spur 591
Amarillo, Texas
79107

# IN THE TEXAS COURT OF CRIMINAL APPEALS

TRAVIS PRUNTY

V.

CHRIS DANIEL
HARRIS County District CLERK

Application for writ of Habeas Corpus filed
in the 176th Judicial District Court in Harris
County Texas

CAUSE NO. 1121157-A

## Original Application for Writ of Mandamus

TO: The Honorable Judges of said Court:

Relater filed an 11.07 (v.o.c.c.p) Habeas Corpus Application in the 176th District Court in June 2014. To this date the trial court has not taken action on Relater's Habeas Corpus writ. Relater's Habeas Corpus writ has been sitting in the trial court for approximately 17 months. Relater dilligently sought the status of his Habeas Corpus writ by writing to the Judge (Stacy Bond), and to the Harris County District Clerk Chris Daniel. Neither the Judge, or Respondent listed above has acted on Relater's Habeas Corpus petition required under Article 11.07 § 3(b), which clearly specify the procedures regarding applications for writs of Habeas Corpus

### I

Upon receipt of an application for writ of Habeas Corpus challenging a final conviction, the attorney representing the state is allowed 15 days in which to respond. Art. 11.07 §3(b). After the expiration of the time for the state to answer, the trial court is allowed 20 days in which to determine whether the application contains

allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement. Art. 11.07 §(c). If the trial court determines a application for writ of habeas corpus does present such issues, it is the duty of the trial court to enter an order within the 20 day period after expiration of the time allowed for the state to reply, designating the issues of fact to be resolved. Art. 11.07 §3(d).

## II

For over 16 months Relator's habeas corpus writ has been in the trial court with no administrative, or judicial action taken. This court has already stated in MARTIN VS. HAMLIN, SUPRA, "the statute does not supply authority to the trial court to extend the time limitations imposed by the statute, other than by timely entry of an order designating issues to be resolved. SEE, MCCREE VS. HAMPTON, 824 SW2d 578, 579 (Tex Crim App 1992).

According to an exhibit attached herewith, respondent stated that the last thing that transpired in this case was an order designating Issues signed by Judge Stacy Bond on August 26th, 19.

## III

Respondent should be compelled to transmit the habeas corpus, and the relative documents therein. This court should make an order to compel the respondent to act on the petition by forwarding it to this court. More than 35 days has elapsed, as required under the statute. The Texas legislature provided a total of 35 days in which the state may respond to the habeas corpus writ in which trial court may

determine whether unresolved issues of facts need to be resolved.

## IV

The respondent should be directed to comply with the statute by immediately forwarding all habeas corpus records to this court. Since respondent was under a ministerial duty to timely forward the habeas corpus record, and failure to do so, did result in harm to relator. It is clear to see that after 16 months relator's habeas corpus writ sitting in the trial court caused harm when nothing was being done.

Relator made numerous efforts to find out what exactly has happened to his habeas corpus writ. He has exercised due dilligence, so therefore, mandamus should issue without affording the respondent his reasons, or his explanation for not forwarding the habeas corpus writ. An order designating issues should not be an order to hold relator's writ especially after 35 days since filing the habeas corpus writ. In addition to that, an order designating issues should not be construed as an order stopping the clerk from his ministerial duty to comply with article 11.07.

The application for writ of mandamus must be issued.

Respectfully submitted

Travis Prunty
TDCJ # 1517800
Bill Clements unit
9601 spur 591
Amarillo, Texas
79107

## Certificate of Service

I TRAVIS Prunty, hereby certify that on October 14th, 2015 a true, and correct copy was mailed to all parties of record by 1st class mail, via turning it in to TDCJ corrections officer so it could be placed in the U.S. prison mailbox.

Travis Prunty
TRAVIS PRUNTY

Court of Criminal Appeals

FR: Travis Prunty #1517820

RE: Ex Parte 1121157-A

Date: July 11th, 15

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 11 2015
Abel Acosta, Clerk

I am writing to complain that on August 26th, 14 Judge Stacy Bond in 176th District Court adopted the enclosed state's proposed order designating issues, and for filing affidavit. However, the Judge refuses to make the District clerk Chris Daniel comply with her orders.

My trial attorney James Tucker Graves had 30 days to file an affidavit, and submit it to the District Clerk. The District clerk was ordered to send me a copy. It's been almost a year since the judge signed the order, but i still haven't received a copy of the said affidavit. I wrote the Judge, but received no response from the trial court, or the District clerk.

A trial in which only one side of the case is heard is fundamentally unfair, and a due process violation. This is what happened at my trial, and what i based my 11.07 on. I've done more than 8 years for a crime i did not commit, and the trial court is procrastinating with my application seeking to right it's wrong. Can you please help me.

Respectfully

Travis Prunty #1517820



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
JUDGES

# COURT OF CRIMINAL APPEALS

P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1600

July 27, 2015

Travis Prunty #151820
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

RE: Trial Court Case #1121157-A

Dear Mr. Prunty:

The Court has received your recent correspondence and we are returning it for your convenience.

Neither the Judges nor the staff of the Court can give you legal advice or assistance of **any** kind. We recommend you contact State Counsel for Offenders at the Texas Department of Criminal Justice, Institutional Division at PO Box 4005 in Huntsville, TX 77342.

If you have any further questions or concerns, please direct them to the **District Clerk** in the county where you were convicted.

Sincerely,

Abel Acosta, Clerk

AA/kd
Enclosure

EX PARTE

§ IN THE 176TH DISTRICT COURT

§ OF

TRAVIS PRUNTY,
Applicant

§ HARRIS COUNTY, TEXAS

## STATE'S PROPOSED ORDER DESIGNATING ISSUES AND FOR FILING AFFIDAVIT

Having considered the application for writ of habeas corpus in the above-captioned cause, the Court finds that the following issue of whether the applicant was denied the effective assistance of trial counsel needs to be resolved.

Therefore, pursuant to Article 11.07, §3(d), this Court will resolve the above-cited issue and then enter findings of fact.

To assist the Court in resolving these factual issues, counsel James Tucker Graves (Graves) is ORDERED to file an affidavit summarizing his actions as counsel for the applicant in the primary case, cause number 1121157 and specifically responding to the following:

1. Whether Graves discussed with the applicant any trial or general strategies in the primary case, including discussions on whether to proceed to trial, plea agreements, or other options (if so, please summarize the applicant's responses to such discussions; if not, please state the reasons for not so discussing this with the applicant);

2. Whether Graves discussed with the applicant the possibility of presenting possible defenses – e.g., State's failure to prove the applicant's involvement in the aggravated robbery based upon not recovering the

1

firearm, or upon complainant Mireles' "changing" his story numerous times, the possibility of lesser included offenses such as theft or unauthorized use of a motor vehicle, or some other defense – in trial in an effort to secure an acquittal in the primary case (if so, please summarize the applicant's responses to such discussions, including any desire to proceed to trial; if not, please state reasons for this belief);

3. Whether Graves discussed with the applicant his right to testify at trial and Graves' advice to the applicant (if so, please summarize the applicant's responses to such discussions, including any desire to testify; if not, please state reasons for not so discussing this with the applicant);

4. Whether Graves discussed with the applicant the evidence that was required in order to obtain a jury instruction for the lesser included offenses of theft or unauthorized use of motor vehicle (if so, please summarize the applicant's responses to such discussions; if not, please state reasons for this belief);

5. Whether Graves reviewed the evidence (witness statements) that was in the State's possession before the trial commenced (if so, please summarize Graves' efforts to view this evidence and the preparations for trial, and was reviewing the witness statements before the cross examination of the witnesses part of a trial strategy; if not, please state the reasons for not reviewing the evidence).

James Tucker Graves is ordered to file his affidavit with the Post-Conviction Writs Division of the District Clerk's Office, 1201 Franklin, Third Floor, Houston, Texas 77002, within THIRTY DAYS of the signing of this Order.

2

The Clerk of the Court is ORDERED to send a copy of this Order to the applicant and to counsel for the State, and to serve copies of this Order, and the Original Application to:

James Tucker Graves
318 Main St.
Conroe, Texas 77301

When the affidavit of James Tucker Graves is received, the Clerk is ORDERED to send a copy of said affidavit to the applicant, Travis Prunty, TDCJ # 01517820, Mark Michael Unit, 2664 FM 2054, Tennessee Colony, Texas 75886; and a copy to counsel for the State, Ana M. Benavides, 1201 Franklin, Suite 600, Houston, Texas 77002.

The Clerk of the Court is ORDERED **NOT** to transmit at this time any documents in the above-styled case to the Court of Criminal Appeals until further ordered by this Court.

**By the following signature, the Court adopts the State's Proposed Order for Designating Issues and for Filing Affidavit in cause number 1121157-A.**

Signed this _____ day of _August_____, 2014.

_____
PRESIDING JUDGE

3

STATE OF TEXAS
COUNTY OF HARRIS
I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

AUG 27 2014

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy